IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald O. Martin, | C. A. No. 2:04-22038-PMD-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Jo Anne Barnhart, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Donald O. Martin, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on May 29, 2001, alleging that he became unable to work on August 3, 2000, due to coronary artery disease, osteoarthritis, degenerative disc disease, and residual effects of multiple spinal surgeries. The application was denied initially and on reconsideration by the Social Security Administration. On September 18, 2002, the plaintiff requested a hearing. The administrative law judge before whom the plaintiff appeared with counsel and Joel Leonard, a vocational expert,

considered the case de novo, and on March 26, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 25, 2004.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act, and is insured for benefits through at least the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset date.
>
> 3. The claimant's coronary artery disease and osteoarthritis are impairments considered "severe," based on the criteria in the Regulations at 20 CFR § 404.1520(b).
>
> 4. The claimant's severe impairments do not meet or medically equal the criteria of any listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The claimant's allegations regarding his limitations are less than fully credible.
>
> 6. All the medical opinions regarding the severity of the claimant's impairments have been carefully considered (20 CFR § 404.1527).
>
> 7. The claimant has retained the residual functional capacity to perform work with restrictions that require no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no pushing or pulling over 20 pounds; no standing and/or walking over 6 hours in an 8-hour work day; occasional stooping, twisting, crouching, kneeling and climbing of stairs or

2

>ramps; no crawling, balancing, climbing of ladders or scaffolds; no foot pedals or controls with either lower extremity; avoidance of hazards such as unprotected heights, vibration and dangerous machinery; and an environment free from extremes of humidity and temperature.
>
>8. The claimant's medically determinable severe and non-severe impairments do not prevent him from performing his past relevant work as a director of radiology, and does not prevent him from performing other work that exists in significant numbers in the national economy.
>
>9. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(e)).

Tr. 18-19.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability."  42 U.S.C. § 423(a).  Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

>the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an

3

impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work.   20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence.  See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## DISCUSSION

By brief the plaintiff argued that the administrative law judge erred in making findings which are "not rational in light

4

of the entire record", by failing to consider the cumulative effect of the plaintiff's impairments, by failing to adequately consider the plaintiff's subjective complaints, and by failing to accept the medical opinion of the plaintiff's treating physician, Dr. Thomas Edwards.

## PAST RELEVANT WORK

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing his inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5). He must make a prima facie showing of disability by showing he was unable to return to his past relevant work. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983).

In order to be classified as past relevant work, for the purpose of determining disability, the work must have been substantial gainful activity. Further, even if plaintiff's specific job involved the performance of strenuous activities which were beyond his exertional capacity, he still can be shown capable of performing this past work if he had the ability to perform the job as it is generally performed in the national economy. See DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983) (a claimant has to show an inability to return to his previous work [i.e. occupation], and not simply to his specific prior job). The requirements of the job as it is performed in

the national economy may be shown by reference to the <u>Dictionary of Occupational Titles</u> (DOT).

To be qualified as "past relevant work", the work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity. 20 CFR § 404.1565.

In making his decision to deny Plaintiff for disability insurance benefits under Title II of the Social Security Act, the administrative law judge found that based on the evidence concerning Plaintiff's prior employment, the residual functional capacity restriction of no lifting or carrying over 20 pounds occasionally and 10 pounds frequently would prevent the performance of his past relevant work as a component assembler and as a construction electrician's helper. However, the administrative law judge found that Plaintiff has retained the residual functional capacity to return to his former sedentary, skilled job as a director of radiology. Accordingly, it was decided that the Plaintiff can perform past relevant work and is not disabled.

At oral arguments, Plaintiff's counsel argued that the administrative law judge had erroneously included the Plaintiff's job as director of radiology as past relevant work because the plaintiff last performed that work in 1987 or 1988, more than 15 years ago. Subsequently, the government's attorney conceded that

calculating the 15 years from the date of "adjudication" or the date of the administrative law judge's decision, March 26, 2004, See SSR 82-86, supported the plaintiff's argument.

Therefore, it was an error for the administrative law judge to include Plaintiff's job as director of radiological services in his findings, and the Plaintiff's case should be remanded back to the Commissioner for an error-free continuance of the sequential evaluation.

## CONCLUSION

Therefore, for the aforementioned reasons, it is recommended that pursuant to the power of this court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case is remanded to the Commissioner for further proceedings consistent with this report and recommendation. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991). The Clerk of Court should enter a separate judgment pursuant to Fed. R. Civ. P. 58.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August 4, 2005

7