IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Donald O. Martin, )<br>         )<br>     Plaintiff,  )<br>         )<br>vs.       )<br>         )        Civil Action No. 2:04-22038-PMD-RSC<br>JoAnne B. Barnhart,   )        **ORDER**<br>Commissioner of the Social )<br>Security Administration,  )<br>         )<br>     Defendant.  )<br>_____) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision, which denied Donald O. Martin's ("Martin") claim for Disability Insurance Benefits ("DIB"). The record includes a Report and Recommendation ("R & R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and remanded for further proceedings. The Commissioner timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

## BACKGROUND

Born July 17, 1944, Martin is currently 61 years old. He completed high school and two years of technical college, receiving a certificate in X-ray technology in 1965. (Tr. at 30.) Until as recently as August of 1988, Martin was employed by Baptist Healthcare Systems first as a radiology technician and then as director of radiological services. Martin's certification in radiology lapsed in approximately 1988. (Tr. at 34-35.) Since 1988, Martin was employed intermittently as a

construction electrician's helper and as a component assembler.

Martin filed an application for disability insurance benefits on May 29, 2001, alleging that he became unable to work on August 3, 2000, due to coronary artery disease, osteoarthritis, degenerative disc disease, and residual effects of multiple spinal surgeries. (Tr. at 13.) The application was denied initially and on reconsideration by the Social Security Administration. On September 18, 2002, Martin requested a hearing. On May 22, 2003, the administrative law judge ("ALJ") heard testimony from both Martin and Joel Leonard, a vocational expert, and considered the case *de novo*. The ALJ found on March 26, 2004 that Martin was not under a disability as defined in the Social Security Act. The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council approved it on June 25, 2004.

Martin brought this action before the Magistrate Judge to obtain judicial review of the final decision of the Commissioner. On August 4, 2005, the Magistrate Judge reversed the decision of the Commissioner and remanded the case to the Commissioner for an error-free continuance of the evaluation.

## DISCUSSION

### I.     Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, including

the R&R and the Commissioner's objections. Pursuant to this review, the court concludes that the Magistrate accurately detailed the facts at issue and applied the correct principles of law. Accordingly, the court adopts the R&R by specific reference and incorporates it into this Order.

## II.     Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## III.    Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *See Walls*, 296 F.3d at 290.

Applying this framework, the ALJ found (1) that Martin has not engaged in substantial gainful activity since his onset date, (2) that his impairments are severe and he met the disability insured status requirements, (3) that his impairments, considered alone or in combination, are severe but do not meet or equal a listing impairment, (4) that he retains the residual functional capacity to perform his past relevant work as a director of radiology, and (5) that, even if he could not perform

this past relevant work, the Commissioner had met the burden of demonstrating the existence of other jobs in significant number in the national economy that Martin has the residual functional capacity to perform. Accordingly, the ALJ held that Martin is not under a "disability," as defined by the Social Security Act and denied any benefits.

**IV.     Analysis**

The Magistrate asserts in his R&R that the ALJ erred in considering Martin's employment as director of radiology, a position that Martin held more than fifteen years ago, as "past relevant work." The Regulations mandate that work experience garnered more than fifteen years prior to the ALJ's decision not be considered in determining either claimant's ability to perform past relevant work or claimant's ability to perform other work. *See* SSR 82-62; *see also* 20 C.F.R. § 404.1565. In this case, the most recent date alleged that Martin held his position as director of radiology was August, 1988. The ALJ's decision is dated March 26, 2004. As such, under the relevant calculation, Martin held this job more than fifteen years and six months prior to the ALJ's decision. Accordingly, the Magistrate correctly concluded that the ALJ erred in including Plaintiff's job as director of radiological services in his findings. The ALJ relied exclusively on this finding in holding that Martin could perform past relevant work. In making his determination, the ALJ found:

> Based on the evidence concerning the claimant's prior employment, I find the residual functional capacity restriction of no lifting or carrying over 20 pounds occasionally and 10 pounds frequently would prevent the performance of his past relevant work as a component assembler and as a construction electrician's helper. However, I also find that the claimant has retained the residual functional capacity to return to his former sedentary, skilled job as a director of radiology.

(Tr. 17.) Because the ALJ incorrectly relied upon this employment in finding that Martin could perform past relevant work, the Magistrate correctly found that this determination was unsupported by sufficient evidence.

5

While the Commissioner admits that it was error for the ALJ to include Martin's job as director of radiological services as past relevant work, he objects that this was a harmless error. (Def. Response to R&R at 1-2.)  The Commissioner argues that the finding only affected the determination that Martin could perform past relevant work; it did not affect the determination in the alternative that Martin could perform other work.  In his decision, the ALJ found that "[e]ven if [Martin] could not return to any of his past relevant work, the vocational expert identified jobs which an individual of [Martin's] age, education, work history and residual functioning capacity could perform."  (Tr. 18-19.)  As such, the Commissioner asserts that the ALJ provided an alternative step-five finding with his decision, and that remanding the case for a step-five finding would be unnecessarily duplicative. (Def. Response to R&R at 2.)

The Commissioner fails to recognize that the error in including Martin's position as director of radiology in the findings affects the determinations regarding both step four, his ability to perform past relevant work and step five,  his ability to perform other work.  In making the step five analysis, the Commissioner bears the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and **work experience**.  *See Walls*, 296 F.3d at 290 (emphasis added).  "Work experience" means skills and abilities the claimant has acquired through work he has done which show the type of work he may be expected to do.  20 C.F.R. § 404.1565.  As in determining "past relevant work," the ALJ should consider only work experience when it was done within the last 15 years, lasted long enough for claimant to learn to do it, and was substantial gainful activity.  *Id*.  The ALJ usually will not consider work that claimant did 15 or more years previously in determining claimant's relevant work experience. The Regulations state that,

6

>[a] gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied.

*Id.*

In this case, the ALJ relied upon the testimony of Joel D. Leonard, a vocational expert ("VE"), in finding that Martin was able to perform other work. In questioning a VE in a Social Security disability hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all pertinent information, including claimant's impairments, functional limitations, age, education, and work experience. *See English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993); *Walker v. Brown*, 876 F.2d 1097, 1100 (4th Cir. 1989). In answering his hypothetical, the VE considered Martin's prior work as a director of radiological services in determining that Martin was able to perform sedentary, skilled work. (Tr. at 61.) As the Magistrate has found (R&R at 7) and the Commissioner has admitted (Def. Response to R&R at 1), Martin's employment as director of radiological services occurred more than fifteen years prior to the ALJ's determination. As such, the VE erred by considering this remote work experience in making his determination regarding Martin's functional abilities. 20 CFR § 404.1565. Because the VE's opinion was based on work experience that should not have been considered, this court cannot conclude that the Commissioner presented sufficient evidence to support a finding that Martin had the ability to perform any other work.

## CONCLUSION

After a careful examination of the record as a whole, the court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence. It is, therefore, **ORDERED**, for the foregoing reasons, that the Commissioner's denial of benefits is **REVERSED**, and the matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 17, 2005**